### CLASS JOURNAL CO. v. VALVELESS INNER TUBE CO.

(Supreme Court, Appellate Term. April 22, 1912.)

CONTRACTS (§ 204*)—PUBLICATION OF ADVERTISEMENTS—CONSTRUCTION.

A contract for the publication of advertisements for defendant in plaintiff's two papers, to occupy one-eighth or more page space, for a specified number of weekly insertions, for rates specified, the copy to be furnished by plaintiff, if not supplied by defendant, authorized plaintiff to publish a one-eighth page advertisement for defendant, and where defendant did not furnish the copy, plaintiff could do so; and plaintiff could recover for any advertisement larger than one-eighth of a page, when expressly approved or ordered by defendant at the rate specified in the contract, or, if not specified, the reasonable value, but plaintiff could not recover for advertisements larger than one-eighth of a page, when not expressly approved or ordered by defendant.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 916, 917; Dec. Dig. § 204.*]

Appeal from City Court of New York, Trial Term.

Action by the Class Journal Company against the Valveless Inner Tube Company. From a judgment of the City Court of the City of New York, dismissing the complaint at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered

See, also, 130 N. Y. Supp. 244.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Daniel Burke, of New York City (Harold G. Aron, of New York City, of counsel), for appellant.

Gordon S. P. Kleeberg, of New York City, for respondent.

GERARD, J. One George Wishart, while president of defendant, signed a paper addressed to plaintiff, proprietor of two publications, "The Automobile" and "Motor Age," as follows:

"You are hereby authorized to insert our advertisements in the Automobile and Motor Age, to occupy one-eighth or more page space, for 52 consecutive and simultaneous weekly insertions, and thereafter until forbid by either party in writing, for which we agree to pay the special rates on the reverse side of this order. Advertisements to commence December 9, 1909. Copy may be furnished by the publisher, if not supplied by the advertiser. Copy once furnished will be continued until new instructions are received.

"Accepted for the Class Journal Company by Van Alstyne.
          "[Signed]    Valveless Inner Tube Company, per George Wishart."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There was a rate schedule printed on the back of this contract. It appears that thereafter certain copy for insertion in this publication was submitted to Mr. Wishart and approved by him. This copy was for advertisements in excess of one-eighth of a page. Plaintiff also published advertisements exceeding one-eighth of a page, the copy for which had not been submitted by Mr. Wishart. Plaintiff proved the reasonable value of advertising in the publication, and sought to recover on a quantum meruit for all the advertisements published by it up to the time when it was notified by the defendant to stop all publications of defendant's advertisements. Defendant took the position that the only recovery that could be had was under the contract.

I think that the true construction of the contract is that plaintiff was authorized to print one-eighth page advertisements of defendant's goods in the two newspapers for 52 insertions and thereafter until forbid. If defendant did not furnish the copy, plaintiff could do so; and plaintiff can recover for such one-eighth page advertisements, if they were printed. The plaintiff may also recover for any advertisements larger than one-eighth of a page, which were expressly approved or ordered by defendant through Wishart, its president, or otherwise, at the rate specified in the contract, or, if none were specified, then the reasonable value; but plaintiff cannot recover for advertisements larger than one-eighth of a page inserted by it which were not expressly approved or ordered by defendant. If plaintiff, without authority from defendant, inserted a page or two page advertisement in one of the issues called for by the contract, plaintiff may nevertheless recover the price of a one-eighth page advertisement for this issue. Plaintiff received a total of $700, and claimed for a reasonable value of $1,309.80. Of course, if plaintiff was only authorized to print advertisements amounting in reasonable value to $700 or less, the complaint would have been properly dismissed, although it was not dismissed on that theory; but the record is not clear on this point, and evidence was excluded, showing that advertisements were printed in Motor Age after authorization by Wishart. It is to be noted that, if advertisements exceeding one-eighth page were authorized by Wishart, without limitation to either paper, then such authorization, taken in connection with the contract, would apply to both papers.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.